UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In Re:  
    ABRAHAM I. BERTAN  
    IVON RIERA-BERTAN

Case No: 11-27057-AJC  
Chapter 7

Debtors.  
_____/

## SPACE COAST CREDIT UNION'S MOTION TO RECONSIDER ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY AND REQUEST FOR EN BANC CONSIDERATION

**COMES NOW**, Space Coast Credit Union ("Space Coast"), a secured creditor and party in interest in the above-styled cause, seeking Reconsideration of the Order Granting Debtors' Motion to Value and Determine Secured Status of Lien on Real Property [D.E. 45] pursuant to Fed. R. Civ. P. 59(e), made applicable under Fed. R. Bankr. P. 9023, or alternatively, Fed. R. Civ. P. 60, made applicable under Fed, R. Bankr. P. 9024, and rehearing en banc by a panel of Southern District judges, and in support thereof states:

### BACKGROUND

1.    Space Coast is the holder of a Home Equity Line of Credit ("HELOC") in the original principal amount of $200,000.00, as secured by a mortgage on homestead property, located at 14016 SW 132nd Avenue, Miami, Florida 33186 (the "Property"). The Mortgage is duly recorded at Official Record Book 24644, Page 4230 in the public records of Miami-Dade County, Florida.

2.    On June 20, 2011, the Debtors filed a petition for bankruptcy relief under Title 11, Chapter 7 of the United States Bankruptcy Code (the "Petition Date").

3.    On September 28, 2011, the Debtors were granted a discharge [D.E. 25].

4.      On July 19, 2012, nine (9) months after the Debtors obtained their discharge, the Debtors filed a Motion to Value to determine the secured status of the HELOC held by Space Coast (the "Motion to Value") [D.E. 36], with a preliminary hearing set for August 15, 2012. The hearing on the Motion to Value was continued over twice before being heard on November 14, 2012.

5.      On August 13, 2012, Space Coast filed an objection to the Motion to Value [D.E. 13].

6.      On January 18, 2013, following the November 14, 2012 hearing, the Court ruled upon the Motion to Value and entered an Order Granting Motion to Value [D.E. 45]. A copy of the Order is attached as Exhibit "A."

7.      Space Coast respectfully requests reconsideration of the Order granting the Debtors' Motion to Value and modifying its security instrument.

8.      Space Coast further requests a rehearing en banc by a panel of the Southern District judges. The legal issue on which this Court rendered its decision in this case is currently pending before other judges sitting in this district, and for the sake of expediency and to avoid inconsistent rulings on the same legal issue within this district, Space Coast respectfully requests that this Motion be considered en banc with these other cases.

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 59(e), made applicable by Fed. R. Bankr. P. 9023, a motion for reconsideration may be granted on four grounds: (1) the judgment is based upon manifest errors of law or fact; (2) there is newly discovered or previously unavailable evidence; (3) amendment is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law. *See In re Piazza*, 460 B.R. 322, 324 (Bankr.S.D.Fla.2011); *see also In re Arden*

*Properties, Inc.,* 248 B.R. 164 (Bankr.D.Ariz.2000); *In re Prince*, 85 F.3d 314, 36 (7th Cir. 1996), *cert. denied*, 519 U.S. 1040 (1996). "The decision to grant or deny a Rule 59(e) motion is entrusted to the sound judgment of the trial court and may be reversed only for the abuse of discretion." *Id.* "[A]n abuse of discretion occurs if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or ... [makes] findings of fact that are clearly erroneous." *In re Continuum Care Services, Inc.,* 398 B.R. 708, 711 (Bkrtcy.S.D.Fla.,2008); *see Mincey,* 206 F.3d at 1137 (*quoting Hatcher v. Miller* (*In re Red Carpet Corp.*), 902 F.2d 883, 890 (11th Cir.1990)).

Alternatively, Fed. R. Bankr. P. 9024, applying Fed. R. Civ. P. 60, allows for reconsideration of an order when there is: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. *In re Mohorne*, 404 B.R. 571, 575-76 (Bankr.S.D.Fla.2009); Fed. R. Bankr. P. 9024 (applying Fed.R.Civ.P. 60(b)); *Drake v. Dennis,* 209 B.R. 20, 25 (Bankr.S.D.Ga.1996).

## **LEGAL ARGUMENT**

Space Coast respectfully submits that this Court committed clear error when it determined that (a) a Debtor may strip a lien in a Chapter 7 case; (b) the value of the property at issue was undisputed; and (c) Space Coast will not be prejudiced by the Order granting the Motion to Value. For the reasons more particularly set forth below, Space Coast seeks to have the Order set aside to prevent manifest injustice and to correct manifest errors of law and fact.

1. **<u>The Court's ruling is manifestly unjust and does seriously prejudice Space Coast rights.</u>**

   The Order Granting the Motion to Value reasons that:

   > While this Court believed the reasoning in *Dewsnup* was controlling under the circumstances presented in this case, it has come to understand, through McNeal, that the Eleventh Circuit Court of Appeals does not believe it is. ***Moreover, upon further consideration, such a ruling seems to make good sense. The Creditor has no interest in the subject Property due to the senior mortgage and is not therefore prejudiced as a result of this order.*** [Emphasis supplied].

   *In re Bertan*, *slip copy*, 2013 WL 216231, at *2 (Bankr.S.D.Fla.2013)

   Contrary to the Court's finding that Space Coast is not prejudiced as a result of this Order, this Order severely prejudices Space Coast. Property values have precipitously increased in recent times, and as the Debtors pay down the balance of their first mortgage, the Debtors continue to build equity that should belong to Space Coast pursuant to its lien. This Court's Order nullifies those lien rights, which would entitle Space Coast to payment in the future when the Debtor seeks to either sell or refinance the property. The Order also denies Space Coast its right to foreclose its mortgage subject to the first mortgage lien and recover the amounts owed at sale. Prior to the Court's ruling, Space Coast would have still had the ability to make this choice, as its mortgage lien would have survived the Chapter 7 bankruptcy discharge and, as the Supreme Court noted, remained in place until foreclosure. *Dewsnup v. Timm,* 502 U.S. 410, 417 (1992). "That is what was bargained for by the mortgagor and the mortgagee." *Id.*

   Further, if the Debtors do at some point default under the first mortgage and that lender forecloses, the Order has the effect of nullifying Space Coast's right to make a claim for any surplus proceeds pursuant to Fla. Stat. § 45.032 because this Order will have voided Space

Coast's lien. Pursuant to Fla. Stat. § 45.032, the Debtors will have a superior claim to any excess funds.

This case does not involve a debtor who is in default on his first mortgage and is in jeopardy of losing his property to the first mortgagee. To the contrary, the Debtors are current on their mortgage and intend to keep this property. If the Debtors are permitted to strip the second mortgage under these circumstances, the Debtors will unjustly benefit from an increase in equity while having ***completely rid itself of a substantial secured obligation owed to Space Coast***.[1] Such an undeserved windfall to the Debtors would work a grave injustice on Space Coast and should not be permitted. Indeed, *Dewsnup* rejected the idea that a debtor should be allowed to receive such a windfall, finding instead that is the creditor and not the debtor who should benefit from the post discharge increase in value:

> We think, however, that the creditor's lien stays with the real property until the foreclosure. That is what was bargained for by the mortgagor and the mortgagee. The voidness language sensibly applies only to the security aspect of the lien and then only to the real deficiency in the security. ***Any increase over the judicially determined valuation during bankruptcy rightly accrues to the benefit of the creditor, not to the benefit of the debtor and not to the benefit of other unsecured creditors whose claims have been allowed and who had nothing to do with the mortgagor-mortgagee bargain.*** [Emphasis supplied].

*Dewsnup*, 502 U.S. at 417.

Finally, unlike in *In re McNeal,* 2012 WL 1649853 (11th Cir. May 11, 2012) where the debtors filed a motion to value prior to receiving their discharge, here the Debtors' Motion to Value was filed nine (9) months after their discharge was entered and two (2) months after the

---

[1] Such a manifestly unjust result does not obtain in Chapter 13 cases where lien stripping is clearly permissible because in order for a debtor to benefit from stripping a lien, the debtor must first successfully complete his plan payments ***and pay at least something to unsecured creditors whose liens have been stripped***. Here, the Debtors are getting a free pass to strip the lien after the discharge is entered and the bar date for claims has passed without paying any consideration at all.

bar date to file claims expired, thereby prejudicing Space Coast by preventing it from timely filing a Proof of Claim and participating in a distribution to unsecured creditors.[2]

2. **<u>The value of the property is not undisputed, and Space Coast should be given an opportunity to be heard to demonstrate value.</u>**

Although the Court determined that the value asserted by the Debtors is undisputed, respectfully, the record does not support this finding. Space Coast's failure to assert an alternative value in its papers should not have been construed as a concession to the Debtors' value. Space Coast filed a timely objection to the Motion to Value asserting that the Motion was legally insufficient and as such, the only issue before the Court was whether, as a matter of law, the Debtors would be permitted to strip Space Coast's lien in a Chapter 7 case. The procedure generally followed in this district on motions to value is that the parties present legal argument at a preliminary hearing, and if after the legal issues are decided the value is disputed the motion to value is set for an evidentiary hearing. The parties are then given ample time to retain appraisers and prepare for trial set on a date coordinated with counsel and the court. Here, the Court simply summarily granted the Debtors' Motion to Value without giving the Space Coast an opportunity to present evidence to dispute the value asserted by the Debtor. Neither party obtained or exchanged formal expert appraisals.[3] Space Coast submits that it has been denied due process and that this Order should be set aside so it may obtain a valuation of the Property and present evidence that it remains either partially or wholly secured.

Part of the determination of value in this case will involve at what point in time the property should be valued. This Court has recognized that there are two (2) schools of thought

---

[2] On February 14, 2013, the Trustee, Marcia D. Dunn, filed a Notice of Assets [D.E. 29] and Notice of Deadline to File Claims [D.E. 30]. The deadline for creditors to timely file a Proof of Claim was May 16, 2012.

[3] The Debtors merely relied on a printout of valuation from the County Appraiser's office and did not submit a formal appraisal of value.

as to the appropriate valuation date on "Motions to Value" pursuant to 11 U.S.C. § 506(a)—the petition date and the plan's effective date as described in 11 U.S.C. § 1325(a)(4). *In re Avendano*, slip copy, 2010 WL 5058390, at *2 (Bankr.S.D.Fla.2010).  The Court has found that in a Chapter 13, where the debtor seeks to keep his home, it is appropriate to use the petition date as the relevant valuation date. *In re Valls*, slip copy, 2010 WL 2745951, at *1 n.1 (Bankr.S.D.Fla.2010).  The present case, however, is not a Chapter 13 proceeding and there is no proposed plan of reorganization.  "Determination of valuation is based on the 'the purpose of the valuation and the proposed disposition or use of such property.'" *Id.* at *1 (citing 11 U.S.C. § 506(a)(1)).  Space Coast submits that in Chapter 7 cases the property value should be determined at or near the hearing on the motion to value, <u>not</u> the petition date.  This is consistent with the Supreme Court's reasoning in *Dewsnup* that "[a]ny increase over the judicially determined valuation during bankruptcy rightly accrues to the benefit of the creditor, not to the benefit of the debtor and not to the benefit of other unsecured creditors whose claims have been allowed and who had nothing to do with the mortgagor-mortgagee bargain." *Dewnsup*, 502 U.S. at 417.

Although Space Coast has not yet obtained a formal appraisal of the property, recent research reveals that the fair market value of the property is currently nearly $341,000.00, which means that there is approximately $50,000.00 of equity in the property above what the first mortgagee is owed.  A copy of the Zillow valuation is attached as Exhibit "B."  Accordingly, Space Coast respectfully requests an opportunity to present evidence of the value of the Property which will demonstrate its entitlement to keep its lien.

3. **The Order Granting the Motion to Value is inconsistent with other rulings in the Southern District, including this Court's own decision in *In re Gerardin*, 447 B.R. 342 (Bankr. S.D. Fla. 2011) (Cristol, Mark, & Isicoff, JJ.).**

This Court's Order is the first in this district to specifically decide the discreet issue of whether a debtor may strip a lien in Chapter 7 case. There are other pending cases before this and other judges in this district that raise the identical issue, and Judge Mark recently entered two orders in which he begrudgingly granted a Motion to Value in a Chapter 7 only because the motion was unopposed. A copy of these orders is attached as Exhibit "C." In those orders, Judge Mark restated that if, like in our case, a motion to value filed in a Chapter 7 case is opposed by the creditor, he would follow *Dewsnup* and this Court's earlier decision in *In re Gerardin,* 447 B.R. 342, 345 (Bankr.S.D.Fla.2011) which prohibit lien stripping in a Chapter 7 cases:

> "Had the [Motion to Value] been opposed, ***it is likely that this Court would decline to follow McNeal and instead follow its earlier decision in Gerardin, prohibiting strip offs in a Chapter 7 case.*** However, because *McNeal* provides a basis for granting the relief sought in the Motion, and the Motion is unopposed, the Motion will be granted." *In re Martin*, 11-42725-RAM (November 8, 2012) [D.E. 81]; *In re Magaly Del Rocio Aragon*, 09-27916-RAM (September 14, 2012) [D.E. 51].

Although they have not done so in formal orders, Space Coast understands that other judges sitting in this district have similarly suggested that they would deny opposed motions to value in Chapter 7 cases, even though each is certainly mindful of the ruling in *McNeal* and its finding that *Folendore v. U.S. Small Bus. Admin.,* 862 F.2d 1537 (11th Cir.1989) is still good law. Space Coast respectfully submits that a consensus should be reached among the judges in this district as to how motions to strip liens in Chapter 7 cases will be decided. Space Coast believes that *Dewsnup* and *Gerardin* are controlling in this case, and that this is particularly true

8

given the grievous prejudice that will be suffered by creditors whose liens are supposed to survive discharge and who should benefit from increases in property values, not debtors.

If *McNeal* is not binding precedent, then respectfully, the Court should have declined to follow even its insights as to the binding effect of other Eleventh Circuit decisions where there is binding Supreme Court precedence that conflicts with those decisions. This Court's Order stated that "[w]hile [it] believed the reasoning in *Dewsnup* was controlling under the circumstances presented in this case, it has come to understand, through *McNeal,* that the Eleventh Circuit Court of Appeals does not believe it is [and that], upon further consideration, such a ruling seems to make good sense." *In re Bertan*, *slip copy*, 2013 WL 216231, at *2 (Bankr.S.D.Fla.2013). Space Coast believes, however, that this Court has overlooked the clear prejudice this Order will have on creditors whose liens under *Dewsnup* should survive a Chapter 7 discharge, and who should be entitled to benefit from increases in value to enforce those liens.

The Supreme Court in *Dewsnup* held "that § 506(d) does not allow petitioner to 'strip down' [creditor's] lien [in a Chapter 7 proceeding], because [creditor's] claim is secured by a lien and has been fully allowed pursuant to § 502." *Wachovia Mortg. v. Smoot*, 478 B.R. 555, 562 (E.D.N.Y 2012) (quoting *Dewsnup,* 502 B.R. at 417). In a Chapter 7 proceeding, whether or not a mortgage lien is deemed an "allowed secured claim" under § 506(d) is not determined with reference to § 506(a), but rather, pursuant to § 502." *Dewsnup,* 502 U.S. at 417. "The claim[] [is] allowed because there is no basis for disallowing the claim[] under 11 U.S.C. § 502. . . . a claim is disallowed if it is 'unenforceable against the debtor *and property of the debtor.*'" *Gerardin*, 447 B.R. at 347 (emphasis in original) (citing 11 U.S.C. § 502(b)(1) and *Dewsnup*). "Under Florida law, the creditors' mortgage liens are enforceable against the Debtors' property." *Gerardin*, 447 B.R. at 347.

In *Gerardin*, this Court aligned itself with the majority of courts, including the only two circuit courts to have addressed the issue in *reported cases*, which interpreted *Dewsnup* as also prohibiting strip offs in a Chapter 7 case. *See Gerardin*, 447 B.R. at 345 (citing *Talbert v. City Mortgage Servs. (In re Talbert),* 344 F.3d 555, 562 (6th Cir.2003)); *Ryan v. Homecomings Fin. Network,* 253 F.3d 778, 783 (4th Cir.2001); *In re Laskin,* 222 B.R. 872, 876 (9th Cir.BAP1998); *In re Hoffman,* 433 B.R. 437, 440 (Bankr.M.D.Fla.2010); *In re Caliguri,* 431 B.R. 324 (Bankr.E.D.N.Y.2010) ("Post-*Dewsnup* courts have generally interpreted *Dewsnup* to prohibit chapter 7 debtors from avoiding (stripping off) liens which are wholly undersecured for the same reasons that a chapter 7 debtor may not reduce a secured mortgage claim to the fair market value of the property (stripping down)."); *In re Grano,* 422 B.R. 401 (Bankr.W.D.N.Y.2010); *In re Pomilio,* 425 B.R. 11 (Bankr.E.D.N.Y.2010); *In re Spears,* 421 B.R. 47 (Bankr.W.D.N.Y.2009).

This Court, relying on the *Dewsnup* which effectively overruled *Folendore*, *supra.*, 862 F.2d 1537 (11th Cir. 1987), held that a Chapter 7 Debtor ***may not*** use section 506 to strip a lien:

> There are limitations on a debtor's ability to strip down or strip off a lien. First, ***a chapter 7 debtor may not use section 506 to strip a lien***, *Dewsnup v. Timm,* 502 U.S. 410, 417, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992) ( "[T]he creditor's lien stays with the real property until the foreclosure."). In *Dewsnup,* the Supreme Court held that § 506(d) did not mean that a lien would be modified based solely upon a § 506(a) valuation. Instead, it held that § 506(d) acts to avoid liens only if the underlying claim is disallowed. The Court rejected an interpretation of § 506(d) that would depart from the well-established pre-Code rule that liens pass through bankruptcy unaffected. 502 U.S. at 417, 112 S.Ct. 773. [Emphasis supplied].

*In re Gerardin*, 447 B.R. at 344-45.

"A lien *cannot* be modified under § 506(d) if the claim that it secures is an allowed claim. Section 506(d) prescribes a number of special rules governing the avoidance of liens that secure *disallowed* claims." *Gerardin*, 447 B.R. at 347 (citing 4 Collier on Bankruptcy ¶ 506.06 (Alan N.

Resnick & Henry J. Sommer eds., 16th ed.)) (emphasis added).  "Thus, as several courts have found, the Supreme Court's decision in *Dewsnup* instructs that § 506 alone does not operate to void a lien securing an allowed claim." *Gerardin,* 447 B.R. at 347; *see, e.g., In re Laskin,* 222 B.R. 872, 876 (9th Cir. BAP 1998) ("*Dewsnup* teaches that, unless and until there is a claims allowance process, there is no predicate for voiding a lien under § 506(d)."); *Harmon v. United States,* 101 F.3d 574, 581 (8th Cir.1996) (*Dewsnup* "holds only that § 506(d) does not itself provide the authority for a debtor to strip down liens"); *In re McNeal,* No. A09–78173–PWB, 2010 WL 1753376, at *3 (Bankr.N.D.Ga. April 12, 2010) ("§ 506 provides no independent power for a debtor to avoid a lien").

This Court stated in *Gerardin* that "[i]f a claim is allowed, § 506(a) must be used in connection with another statute, such as § 722, § 1129, § 1125, or . . . § 1325." *Gerardin,* 447 B.R. 347-48; *In re Virello,* 236 B.R. 199, 204 (Bankr.D.S.C.1999).  "No parallel provision applies in Chapter 7. Rather, the holding of *Dewsnup* continues to bind debtors in Chapter 7." *In re Grano*, 422 B.R. 402, 403 (Bankr.W.D.N.Y. 2010).  As held in *Gerardin*:

> In sum, § 506(d) is not the miracle lien remover the Debtors want it to be. It is not self-executing. If § 506 alone could strip a lien securing an allowed claim, it would be applicable in Chapter 7. Under *Dewsnup,* that is not the law. A debtor valuing collateral under § 506(a) must apply that valuation in conjunction with another section of the Bankruptcy Code.

*Gerardin,* 447 B.R. at 346.

Here, there is no question that Space Coast Credit Union's claim is an allowed secured claim.  This Court should not have deviated from its prior decision in *Gerardin*, or from the Supreme Court's binding interpretation of § 506(d) in *Dewsnup.*  "Congress has had many years to overturn *Dewsnup* by legislative action but has enacted no statutory change.  Until it does,

11

*Dewsnup* remains the law of the land." *Gerardin*, 447 B.R. at 345 (citing *In re Hoffman,* 433 B.R. at 441).

## REQUEST FOR EN BANC CONSIDERATION

Space Coast further requests rehearing en banc by a panel of Southern District judges who are currently considering pending Motions to Value that present the identical legal issue presented in the instant case. The following is a non-exhaustive list of known cases in which Motions to Value presenting the same legal issue have been filed and are pending:

Motion to Value [In re Jorge Sosa, 11-23024-RAM, D.E. 128];

Motion to Value [In re: Betty Lucy Caloretti, 13-10971-LMI, D.E. 8];

Motion to Value [In re: Ricardo Fortis, 13-10608-AJC, D.E. 10]:

Motion to Value [In re: Alvin P. Delacruz-Mills, 13-10200-AJC, D.E. 11]; and

Motion to Value [In re: Alfredo Domingo Enriquez, 13-10526-RAM, D.E. 9].

Because the legal issue on which this Court rendered its decision in this case is currently pending before other judges sitting in this district, for the sake of expediency and to avoid inconsistent rulings on the same legal issue within this district, Space Coast respectfully requests that this Motion be considered en banc with the other cases. Setting aside the Order would simply allow the Court en banc to consider the Motion on the merits.

**WHEREFORE**, Space Coast Credit Union, respectfully requests that this Court grant its Motion for Reconsideration of Order Granting Debtors' Motion to Value and Determine Secured Status of Lien on Real Property, grant a rehearing on the Debtors' Motion to Value en banc by a panel of Southern District judges, and for such further relief as the Court deems just and proper.

Respectfully submitted,

**BLAXBERG, GRAYSON, KUKOFF & TWOMBLY P.A.**
*Attorneys for Space Coast Credit Union*
Ingraham Building, Suite 730
25 S.E. Second Avenue
Miami, Florida 33131
Phone: (305) 381-7979
Fax:     (305) 371-6816

By:    /s/Ian J. Kukoff
      Ian J. Kukoff, Esq.
      Fla. Bar No. 827126

      /s/Alexis S. Read
      Alexis S. Read, Esq.
      Fla. Bar No. 98084

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 1, 2013, a true and correct copy of the foregoing was served via electronic transmission to those parties who are currently on the list to receive e-mail notice and service for this case, and by U.S. Mail to: Christian S. Diaz, Esq., 75 Valencia Avenue, 6th Floor, Coral Gables, Florida 33134 and Marcia T. Dunn, Chapter 7 Trustee, 555 NE 15 Street, Suite 7712, Miami, Florida 33132.

By:     /s/ Ian J. Kukoff
      Ian J. Kukoff, Esq.
      Fla. Bar No. 827126
      Alexis S. Read, Esq.
      Fla. Bar No. 98084