

ORDERED in the Southern District of Florida on January 18, 2013.

A. Jay Cristol, Judge
United States Bankruptcy Court

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

IN RE:

ABRAHAM I. BERTAN
IVON RIERA-BERTAN,

    Debtor(s)
_____/

Case No. 11-27057-BKC-AJC

Chapter 7

### ORDER GRANTING MOTION TO VALUE AND ALLOWING STRIP OFF OF LIEN

THIS CAUSE came before the Court for hearing on November 14, 2012 upon the Debtors' Motion to Value and Determine Secured Status of Lien on Real Property [held by Creditor Space Coast Union], filed July 19, 2012 (DE 36) (the "Motion").

#### Background

On May 17, 2006, the Debtors, ABRAHAM I. BERTAN and IVON RIERA-BERTAN (the "Debtors"), obtained a Home Equity Line of Credit ("HELOC") in the original principal amount of $200,000.00, secured by a mortgage on homestead property, located at 14016 SW 132nd Avenue,



Miami, Florida 33186 (the "Property"). The Mortgage is duly recorded at Official Record Book 24644, Page 4230 in the public records of Miami-Dade County, Florida. It is a third mortgage on the Property.

On June 20, 2011, the Debtors filed a petition for bankruptcy relief under title 11, Chapter 7 of the United States Bankruptcy Code. On September 28, 2011, the Debtors were granted a discharge. On July 19, 2012, the Debtors filed the Motion to determine the secured status of the HELOC held by Space Coast Credit Union ("Space Coast" of the "Creditor"), and to declare the junior mortgage lien a wholly unsecured claim. Space Coast filed an objection to the Motion, arguing that under clear Supreme Court precedent, and the prior decisions of this Court, a debtor cannot, as a matter of law, strip a secured creditor's lien in a Chapter 7 case.

In the Motion, the Debtors assert that the value of the Property is $262,834.00, relying on the value as determined by the Miami-Dade County Office of the Property Appraiser. The Creditor does not dispute the value of the Property as stated by the Debtor. It is also undisputed that Chase Bank USA, N.A. holds a lien on the Property, superior to that of Space Coast, in the amount of $291,557.00. Accordingly, the Debtors argue there is no equity securing the Creditor's obligation and the Creditor should therefore be treated as an unsecured creditor subject to "strip-off" pursuant to 11 U.S.C. § 506 and In re McNeal, 2012 WL 1649853 (11th Cir. May 11, 2012).

## Analysis

The Eleventh Circuit Court of Appeals recently issued an opinion in McNeal, 2012 WL 1649853, concluding that the present controlling precedent regarding the strip-off of a junior lien in a Chapter 7 case in the Eleventh Circuit remains its decision in Folendore v. U.S. Small Bus. Admin., 862 F.2d 1537 (11th Cir.1989). In McNeal, the bankruptcy court denied debtor's motion to "strip-off" a second lien on the home, where the property had a senior lien that exceeded the

home's market value, leaving the second mortgage wholly unsecured. The U.S. District Court affirmed the bankruptcy court, but the Eleventh Circuit reversed. In McNeal, as in Folendore, the Eleventh Circuit concluded that an allowed claim, which was wholly unsecured, was voidable in a Chapter 7 case under the plain language of 11 U.S.C. § 506(d).

The Eleventh Circuit recognized that the United States Supreme Court's reasoning in Dewsnup v. Timm, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992) may appear to reject the plain language analysis in Folendore, but the Court indicated that there is an important difference between the holding in a case and the reasoning that supports that holding. McNeal at *2 (internal citations omitted). "As we have stated, '[o]bedience to a Supreme Court decision is one thing, extrapolating from its implications a holding on an issue that was not before that Court in order to upend settled circuit law is another thing.'" Id (internal citation omitted). The Eleventh Circuit held that the Supreme Court's opinion in Dewsnup – which noted the ambiguities in the Bankruptcy Code and the difficulty of interpreting the statute in a single opinion that would apply to all possible fact situations – limited its Dewsnup decision expressly to the precise issue raised by the facts of that case, to wit, the strip-down of a partially secured mortgage lien. Id. Thus, notwithstanding the decidedly different goals of a Chapter 7 case (liquidation) and Chapter 13 case (repayment), the Eleventh Circuit found nothing in Dewsnup or the Bankruptcy Code that conflicted with its holding allowing the strip-off of a wholly unsecured junior lien in a Chapter 7 case.

Although McNeal is unpublished and therefore is a non-precedential decision, this Court is nonetheless bound by Folendore. While this Court believed the reasoning in Dewsnup was controlling under the circumstances presented in this case, it has come to understand, through McNeal, that the Eleventh Circuit Court of Appeals does not believe it is. Moreover, upon further

consideration, such a ruling seems to make good sense. The Creditor has no interest in the subject Property due to the senior mortgage and is not therefore prejudiced as a result of this order. Accordingly, it is

ORDERED AND ADJUDGED that the Debtors' Motion to Value and Determine Secured Status of Lien on Real Property [held by Creditor Space Coast Union], filed July 19, 2012 (DE 36) is GRANTED; the value of the Property is $262,834.00. Thus, because it is undisputed that Chase Bank USA, N.A. holds a lien on the Property superior to that of Space Coast, in the amount of $291,557.00, the Debtors have no equity securing the Creditor's obligation; accordingly, the Creditor shall be treated as an unsecured creditor subject to "strip-off" pursuant to 11 U.S.C. § 506.

###

Copies furnished to:

Ian J. Kukoff, Esq.
Alexis S. Read, Esq.
Christian Diaz, Esq.

Attorney Diaz shall serve a copy of this order upon all interested parties and shall file a certificate of service of same.