

ORDERED in the Southern District of Florida on November 8, 2012.

Robert A. Mark, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                              )  CASE NO. 11-42725-BKC-RAM
                                    )  CHAPTER  7
RAIZA MARTIN,                       )
                                    )
            Debtor.                 )
                                    )

ORDER GRANTING MOTION TO
STRIP OFF SECOND MORTGAGE

The Court conducted a hearing on November 7, 2012, on the Debtor's Motion to Strip Off a Junior Lien on Real Property (the "Motion") [DE# 72]. The hearing was scheduled by this Court's September 12, 2012 Order Setting Briefing Schedule and Hearing on Motion to Strip Off Lien (the "Scheduling Order") [DE# 75]. The Debtor has properly served the Motion and Scheduling Order on PNC Bank ("PNC"), the holder of the mortgage the Debtor seeks


EXHIBIT "C"

to strip. PNC did not file a memorandum in opposition to the Motion and did not appear at the November 7th hearing.

Debtor alleges that PNC holds a second mortgage on the Debtor's home located at 15331 S.W. 167th St., Miami, FL 33187 (the "Home"). Debtor alleges that Wells Fargo holds the first mortgage and is owed $495,805.00. Finally, the Debtor alleges that the Home is only worth $341,200.00, leaving no equity to secure the PNC claim. The Debtor seeks an Order adopting these allegations, valuing PNC's secured claim at $0, and extinguishing the second mortgage.

Because the Motion is unopposed, the Court adopts the Debtor's allegations as its findings and concludes that the PNC second mortgage claim is a wholly unsecured claim. In addition, as discussed below, in the absence of opposition, the Court concludes that the Debtor is legally entitled to the relief sought in the Motion stripping off the mortgage.

## Discussion

This Court has previously ruled that liens cannot be stripped in a Chapter 7 case. *In re Gerardin, et al.*, 447 B.R. 341 (Bankr. S.D. Fla. 2011) (jointly issued by Judges Mark, Cristol and Isicoff). However, in an unpublished opinion, the Court of Appeals for the Eleventh Circuit ruled recently that

2

wholly unsecured liens could be stripped off in a Chapter 7 case. *In re McNeal*, 2012 WL 1649853 (11th Cir. May 11, 2012).

Because *McNeal* is an unpublished decision, it is not binding on this Court under 11th Cir. R. 36-1 ("Unpublished decisions are not considered binding precedent but they may be cited as persuasive authority"). Had the Motion been opposed, it is likely that this Court would decline to follow *McNeal* and instead follow its earlier decision in *Gerardin*, prohibiting strip offs in a Chapter 7 case. However, because *McNeal* provides a basis for granting the relief sought in the Motion, and the Motion is unopposed, the Motion will be granted.

Therefore, it is –

**ORDERED** as follows:

1. The Motion is granted.

2. PNC's second mortgage claim is a wholly unsecured claim.

3. The lien securing PNC's claim on the Home is deemed void and is extinguished without further court order.

###

COPIES TO:
Kenneth M. Damas, Esq.
(Attorney Damas is directed to serve a copy of this Order on all interested parties and file a Certificate of Service)



ORDERED in the Southern District of Florida on September 14, 2012.

Robert A. Mark, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:                                  Case No. 09-27916-RAM

MAGALY DEL ROCIO ARAGON,                Chapter 7

   Debtor.
_____/

### ORDER GRANTING DEBTOR'S MOTION TO DETERMINE VALUE OF SECURED CLAIM AND TO OTHERWISE AVOID OR STRIP OFF UNSECURED LIEN PURSUANT TO 11 U.S.C. § 506

The Court conducted a hearing on September 13, 2012 at 1:30 p.m., on the *Debtor's Motion to Determine Value of Secured Claim and to Otherwise Avoid or Strip Off Unsecured Lien Pursuant To 11 U.S.C. §506(a)(d)* (the "Motion") [DE# 47]. The Debtor has properly served the Motion and the *Notice of Hearing* [DE# 48] on the second mortgage holder, pursuant to Rule 7004(h) of the *Federal Rules of Bankruptcy Procedure*. The mortgage holder filed no papers in opposition to the Motion and did not appear at the September 13th hearing.

Based upon the uncontested facts presented by the Debtor, the Court finds as

follows:

A.  The Debtor's homestead ("Homestead") has a street address of 10925 NW 47th Lane, Doral, FL 33178, bearing a legal description as follows:

> Lot 29, in Block 1, of Doral Meadows 1st Addition, according to the Plat thereof, as recorded in Plat Book 153, at Page 65, of the Public Records of Miami-Dade County, Florida.

B.  As reflected in the Motion, with respect to the second mortgage on the Debtor's Homestead, prior to the commencement of this Chapter 7 case, the Debtor borrowed the sum of $88,000.00 from WMC Mortgage Corp., ("WMC") and executed a Note dated Nov. 6, 2006 ("Note") to reflect this debt. Repayment of the Note was secured by a Mortgage dated Nov. 6, 2012 ("Second Mortgage") executed by the Debtor in favor of WMC. The Second Mortgage serves as a second lien against the Debtor's Homestead. The Second Mortgage was recorded in the official public records for Miami-Dade County, Florida, Book No. 25110, at page 1166-1175. True copies of the Note and Second Mortgage were attached to the Motion. The ownership and/or servicing of the Note and Second Mortgage have been transferred to Aurora Loan Services ("Aurora").

C.  As reflected in the Motion, the value of the Homestead is determined to be no more than $320,000.00.

D.  As reflected in the Motion, with respect to the first mortgage on the Debtor's Homestead, the Debtor owes the sum of at least $349,307.00.

E.  Based on the amount owed on the first mortgage and the value of the Homestead, there exists insufficient equity in the Homestead to fully secure the first mortgage. As a result, the Second Mortgage is determined by this Court to be a wholly general unsecured claim.

### Discussion

This Court has previously ruled that liens cannot be stripped in a Chapter 7 case. *In re Gerardin, et al.*, 447 B.R. 342 (Bankr. S.D. Fla. 2011) (jointly issued by Judges Mark, Cristol and Isicoff). However, in an unpublished opinion, the Court of Appeals for the Eleventh Circuit ruled recently that wholly unsecured liens could be stripped off in a Chapter 7 case. *In re McNeal*, 2012 WL 1649853 (11th Cir. May 11, 2012).

Because *McNeal* is an unpublished decision, it is not binding on this Court under 11th Cir. R. 36-1 ("Unpublished decisions are not considered binding precedent but they may be cited as persuasive authority"). Had the Motion been opposed, it is likely that this Court would decline to follow *McNeal* and instead follow its earlier decision in *Gerardin*, prohibiting strip offs in a Chapter 7 case. However, because *McNeal* provides a basis for granting the relief sought in the Motion, and the Motion is unopposed, the Motion will be granted.

Therefore, it is -

**ORDERED** as follows:

1. The Motion is granted.

2. The Second Mortgage is not an allowed secured claim, and as such the lien created by the Second Mortgage as against the Homestead is void and extinguished. The lien created by the Second Mortgage against the Homestead is avoided and is of no force and effect as against the Homestead.

3. Upon finality of this Order, the Debtor's Chapter 7 case shall be closed.

###

COPIES TO:

Brian S. Behar, Esquire

**(Attorney Brian S. Behar is directed to mail a conformed copy of this Order to all interested parties immediately upon receipt of this Order and file a Certificate of Service regarding same)**