IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:

ABRAHAM, I BERTAN
IVON RIERA-BERTRAN,

    Debtor(s)
_____/

Case No. 11-27057-AJC

Chapter 7

### DEBTOR'S MEMORANDUM OF LAW IN OPPOSITION TO SPACE COAST CREDIT UNION'S MOTION TO RECONSIDER ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY AND REQUEST FOR EN BANC CONSDERATION

**THE DEBTORS** ("Movants"), by and through counsel, hereby file their memorandum of law in opposition to Space Coast Motion to reconsider and request in banc of the order granting motion to value, Docket Number [48], and herein respectfully moves this Court for an order denying such Motion to Value for the reasons set forth in the following memorandum, which is attached hereto and incorporated herein:

Respectfully submitted,

ALIANZA LAW FIRM, PL
/s/CHRISTIAN S. DIAZ, Esq.(Fl. Bar #518131)
*Attorney for the Debtor*
75 Valencia Avenue
6th Floor
Coral Gables, Florida 33134
Phone: (305)4438606
Fax: (305)4438737

## MEMORANDUM

1.  On or about July 19, 2012, the debtors filed a Motion to Value and Determine secured status of Lien in Real Property located at 14016 SW 132ND Avenue, Miami, Florida 33186 Pursuant to 11 U.S.C. § 506 (a) and (d). Copy of the Motion is hereby attached as Exhibit "A".

2.  Chase Bank USA, N.A. holds a superior lien on the Real Property in the amount of $291,557.00.

3.  As per The Miami-Dade County Office of the Property appraiser the Market Value of the property is $262,834.00. Copy of the Tax Appraisal is hereby attached as Exhibit "B".

4.  On or about January 18, 2013, this Honorable Court entered an order granting the motion to value. Docket [45]. Copy of the order is hereby attached as Exhibit "C".

5.  On or about February 2, 2013, The Creditor, SPACE COAST CREDIT UNION, filed a Motion to reconsider the aforementioned order and requested an en Banc consideration.

6.  The creditor SPACE COAST CREDIT UNION, held a HELOC recorded at or Book 24644 Page 4230-4235.

5.  As previously stated on the original Motion and previous arguments there is no equity securing the obligation. Since the current value of the property according Miami Dade County is $261.778.00. Copy of the Miami Dade Real Tax Information is hereby attached as Exhibit "D".

6.  The creditor's arguments are based on Fed. R. Bankr. P. 9024, applying Fed. R. Civ. P. 60, and the (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) a prior judgment which it is based has been reversed or otherwise vacated, or it is no longer

equitable that the judgment should have prospective application, or (6) any other reason justifying relief from the operation of the judgment. In this case, the court's decision does not apply to the mentioned Rule, since the court used the best analysis and judicial discretion in a case where the value of the property is clearly below the first mortgage, leaving the HELOC, as an unsecured obligation.

## ARGUMENT

7. **For purposes of Bankruptcy, a claim is secured only to the extend there is value in the collateral to support the lien.** The Supreme Court has repeatedly explained that section 506 "governs the definition and treatment of secured claims, i.e., claims by creditors against the estate that are secured by a lien on property "and that for bankruptcy purposes "a claim is secured only to the extent of the value of the property on which the lien is fixed."United States v. Ron Pair Enter., Inc, 489 U.S. 235, 241 (1989). Under this analysis, a claim having no secured component cannot be a secured claim under the Bankruptcy Code. As a matter of common sense, a lien that attaches to nothing provides no security to the lien holder.

8. Space Coast brings back to its argument the case Dewsnup v. Timm, 502 U.S. 410, 417, 112 S. Ct. 773, 116 L .Ed.2d 903 (1992). Where the Court set some of the Rules regarding the strip-off of liens of Real Property in a Chapter 7. However, the main argument on the Debtor previous motion was based on the decision by the U.S. 11th DISTRICT COURT OF APPEALS, in McNeal v. GMAC Mortgage, LLC, et al, Case No. 11-11352-CC, where the property had a senior lien that exceeded the home's market value, therefore leaving the second mortgage wholly unsecured. The U.S. Court of Appeals held that the Junior lien was allowed under 11 U.S.C. § 502 and wholly unsecured pursuant to section 506 (a) was undisputed.

9. The U.S. 11TH District Court of Appeals concluded that the present controlling precedent regarding the strip-off of a junior lien in a Chapter 7 in the Eleventh Circuit remains their decision in <u>Folendore v. United States Small Bussines Administration.</u>, 862 F.2d 1537 (11th Cir.1989). Where the Court concluded that an allowed claim that was wholly unsecured , was voidable under the plain language of section 506(d). The court also held that... <u>Although the Supreme Court's reasoning in Dewsnup seems to reject the plain language analysis that we use in Folendore, "[t]here is, of course, an important difference between the holding in a case and the reasoning that supports that holding. "</u> Atl. Sounding Co., Inc., 496 F.3d at 1284 (citing Crawford-El v. Britton. 118 S. Ct. 1584, 1590 (1998). (emphasis added) "[T]hat the reasoning of an intervening high Court decision is at odds with that of our prior decision is no basis for a panel to depart from our decision. " Id. "As we have stated, **'[o]bedience to a Supreme Court decision is one thing, extrapoling from its implications a holding on an issue that was not before that Court in order to upend settled circuit law is another thing. "** Id. **In fact, the Supreme Court – noting the ambiguities in the bankruptcy code and the "the difficulty of interpreting the statute in a single opinion that would apply to all possible fact situations" – limited its Dewsnup decision expressly to the precise issue raised by the facts of the case. 112 S. Ct. at 778**. (emphasis added). Copy of the US Eleventh Circuit of Appeals is hereby attached as Exhibit "E".

## CONCLUSION

10. After analysis of the above mentioned case law, it is clear that permitting strip off of wholly unsecured liens in chapter 7 harmonizes the statutory language with Nobelman, Tanner and Dewsnup and reaffirms the decision of the U.S. 11 District in Mc Neal. Therefore, Space Coast's arguments are outdated and should not be considered by this Court.

**WHEREFORE**, movant prays that the Court denies Space Coast's Motion to reconsider and request in banc of the order granting motion to value, Docket Number [48] and such further relief as the Court may deem appropriate.

Respectfully submitted,

**ALIANZA LAW FIRM, PL**
Attorneys for Movant

/s/Christian S. Diaz, Esq.
Florida Bar 518131

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the foregoing was served via ECF this 3rd of April, 2013 to those parties who are registered CM/ECF participants in this case.

## CERTIFICATE PURSUANT TO LOCAL RULE 9011-4(B)

I **HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

**ALIANZA LAW FIRM, PL**
/s/Christian S. Diaz, Esq.
(Fl. Bar #518131)
*Attorney for the Debtor*
75 Valencia Avenue
6th Floor
Coral Gables, Florida 33134
Phone: (305)4438606
Fax: (305)4438737