UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-23709-CIV-LENARD

**In Re:**

**ABRAHAM I. BERTAN**
**IVON RIERA-BERTAN,**

    Debtors.
_____/

**SPACE COAST CREDIT UNION,**
As successor in interest by merger to Eastern Financial Florida Credit Union,

    Appellant,

v.

**ABRAHAM I. BERTAN**
**IVON RIERA-BERTAN,**

    Appellees.
_____/

**ORDER REVERSING BANKRUPTCY COURT'S (1) ORDER GRANTING MOTION TO VALUE AND ALLOWING STRIP OFF OF LIEN, ENTERED ON JANUARY 18, 2013 (D.E. 1 at 4); AND (2) ORDER DENYING SPACE COAST CREDIT UNION'S MOTION TO RECONSIDER, ENTERED ON JUNE 24, 2014 (D.E. 1 at 8).**

**THIS CAUSE** is before the Court on the appeal of Appellant Space Coast Credit Union ("Space Coast") from two final orders of the United States Bankruptcy Court of

the Southern District of Florida in this Chapter 7 bankruptcy case. Space Coast appeals the bankruptcy court's (1) January 18, 2013 Order Granting Motion to Value and Allowing Strip Off of Lien (D.E. 1 at 4); and (2) June 14, 2014 Order Denying Motion to Reconsider (D.E. 1 at 8).

This appeal was noticed and docketed on October 7, 2014 (D.E. 1.) On October 22, 2014, the Court entered a scheduling order requiring Space Coast's Opening Brief by November 3, 2014, Appellees/Debtors Abraham I. Bertran and Ivon Riera-Bertran's responsive brief by November 17, 2014, and Space Coast's reply brief by November 28, 2014 (D.E. 9.) On November 3, 2014, Space Coast timely filed its Opening Brief (D.E. 13.) On August 12, 2015, after a sua sponte review of the record, it was apparent that Debtors never responded to the Opening Brief; thus, the Court entered an Order to Show Cause requiring a responsive brief by August 21, 2015, or for Debtors to show cause why the Court should not resolve this matter without considering any briefing by Debtors (D.E. 14.) To date, Debtors have not responded to the Court's Order to Show Cause. Upon review of the Opening Brief and record, the Court finds as follows.

**I.     Background**

Space Coast is the holder of a home-equity line of credit ("HELOC") in the original principle amount of $200,000.00, as secured by a second mortgage on homestead property located at 14016 SW 132nd Avenue, Miami, Florida 33186 (the "Property").

On June 20, 2011, Debtors filed a joint petition for bankruptcy relief under Title 11, Chapter 7 of the United States Bankruptcy Code (D.E. 2-2). According to filed Schedule D, Chase Bank USA, N.A. ("Chase") held a first-priority mortgage in the

2

Property in the amount of $291,557.55. According to filed Schedule C, Debtors also claimed the Property as homestead exempt.

On September 28, 2011, Debtors were granted a discharge under 11 U.S.C. § 727. On February 14, 2014, the Chapter 7 Trustee filed a Notice of Assets and the Clerk scheduled a claims-bar date of May 16, 2012.

On July 19, 2012, nine months after obtaining a discharge and two months after the claims-bar date, Debtors filed a Motion to Value and Determine Secured Status of Lien on Real Property held by Space Coast, with a copy of the Miami-Dade County Property Appraisal Report dated July 19, 2012, which reflected a market value of $256,308.00. Debtors' Motion to Value was based on a then recent ruling by the Eleventh Circuit Court of Appeals in In re McNeal, 735 F.3d 1263 (11th Cir. 2012).

On August 13, 2012, Space Coast responded in opposition to Debtor's Motion to Value, arguing that a determination that Space Coast's mortgage was wholly unsecured was, among other things, improper and that a lien cannot be stripped under applicable Chapter 7 law. On January 18, 2013, the bankruptcy court granted the Motion to Value without an evidentiary hearing.

On February 1, 2013, Space Coast filed a timely Motion to Reconsider the Order Granting Motion to Value. On June 24, 2014, the court entered its Order Denying Space Coast's Motion for Reconsideration. This timely appeal followed.

3

## II. Jurisdiction and Standard of Review

This Court has jurisdiction over the appeal under 28 U.S.C. § 158, which provides that the district courts shall have jurisdiction to hear appeals from final judgments and orders and proceedings referred to bankruptcy judges under 28 U.S.C. § 157.

While a district court reviews the bankruptcy court's legal conclusions de novo, it "must accept the bankruptcy court's factual findings unless they are clearly erroneous, and give due regard to the bankruptcy court's opportunity to judge the credibility of the witnesses." In re Englander, 95 F.3d 1028, 1030 (11th Cir. 1996). Mixed questions of law and fact are reviewed de novo. In re Lentek Intern., Inc., 346 F. App'x 430, 433 (11th Cir. 2009). "Under de novo review, [a] Court independently examines the law and draws its own conclusions after applying the law to the facts of the case, without regard to decisions made by the Bankruptcy Court." In re Brown, No. 6:08-cv-1517-Orl-18DAB, 2008 WL 5050081, at *2 (M.D. Fla. Nov. 19, 2008) (citing In re Piper Aircraft Corp., 244 F.3d 1289, 1295 (11th Cir. 2001)).

## III. Discussion

Space Coast's appeal challenges the bankruptcy court's reliance on In re McNeal, 735 F.3d 1263 (11th Cir. 2012), and Folendore v. U.S. Small Bus. Admin., 862 F.2d 1537 (11th Cir. 1989), which "dictated the conclusion that § 506(d) allows a Chapter 7 debtor to void a junior mortgage lien when the senior lien exceeds the home's value." In re Waits, No. 14-11408, 2015 WL 4378369, *1, __ F.3d __ (July 16, 2015), on remand from Bank of America, N.A. v. Caulkett, 135 S. Ct. 1995 (2015).

4

On June 1, 2015, subsequent to Space Coast filing its Opening Brief, the United States Supreme Court decided <u>Caulkett</u>, which held that "a debtor in a Chapter 7 bankruptcy proceeding may not void a junior mortgage lien under § 506(d) when the debt owed on a senior mortgage lien exceeds the current value of the collateral." 135 S. Ct. at 2001. In light of <u>Caulkett</u>, the Supreme Court vacated the Eleventh Circuit's holding to the contrary in <u>Waits</u>, and the Eleventh Circuit thereafter overruled <u>McNeal</u> and <u>Folendore</u>. See <u>Waits</u>, 2015 WL 4378360, *1 ("In light of the Supreme Court's holding in <u>Caulkett</u>, our holdings in <u>McNeal</u> and <u>Folendore</u> are overruled.").

Because the Eleventh Circuit precedent relied on by the bankruptcy court has been reversed, and the Supreme Court has expressly held that "a debtor in a Chapter 7 bankruptcy proceeding may not void a junior mortgage lien under § 506(d) when the debt owed on a senior mortgage lien exceeds the current value of the collateral," the Court reverses the bankruptcy court's orders challenged on appeal and this matter is remanded to the bankruptcy court for further proceedings consistent with <u>Caulkett</u>.

IV. **Conclusion**

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that:

1. The bankruptcy court's March 25, 2013 Order Granting in Part and Denying in Part the Trustee's Motion for Turnover is **REVERSED**;

2. The bankruptcy court's July 8, 2013 Order Denying Debtor's Motion for Relief From 3/26/13 Final Order on Turnover of Exempt Property is **REVERSED**;

3. This matter is **REMANDED** to the bankruptcy court for further proceedings;

4. All pending motions are **DENIED AS MOOT**; and

**5.** The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of August, 2015.

*Joan A. Lenard*
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**

Case 1:14-cv-23709-JAL-27057-AJC Document 10 Entered Filed 08/25/D.S. Docket 08/24/2015 Page 6 of 6